UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GARY CANNIOTO,

                           Plaintiff,

                                                    Case # 19-CV-6686-FPG

v.

                                              **DECISION AND ORDER**

SIMON'S AGENCY, INC., and
DOES 1-10,

                           Defendants.

## INTRODUCTION

Plaintiff Gary Cannioto brings this action against Defendant Simon's Agency, Inc., and "Does 1-10." He alleges that Defendant and its unidentified employees engaged in abusive debt collection practices by repeatedly placing automated calls to him in an attempt to collect a debt from someone else. Plaintiff claims that Defendant's actions violated (1) the Fair Debt Collection Practices Act ("FDCPA"), (2) New York General Business Law ("NY GBL") § 349, and (3) the Telephone Consumer Protection Act ("TCPA").

Plaintiff filed his complaint on September 17, 2019. ECF No. 1. Defendant moved to dismiss it on November 6, 2019. ECF No. 6. In response, on December 6, 2019, Plaintiff filed a motion for leave to file an amended complaint and a proposed amended complaint. ECF Nos. 10, 10-2. For the reasons stated, Defendant's motion to dismiss (ECF No. 6) is DENIED AS MOOT and Plaintiff's motion to amend (ECF No. 10) is GRANTED IN PART AND DENIED IN PART.

## LEGAL STANDARD

"When—as in this case—a motion to amend is filed in response to a pending motion to dismiss, a court has a variety of ways in which to proceed, from denying the motion [to dismiss]

1

as moot to considering the merits of the motion [to dismiss] in light of the [proposed] amended complaint." *Brock v. Logsdon*, No. 19-cv-6082, 2019 U.S. Dist. LEXIS 215939, at *9 (W.D.N.Y. Dec. 16, 2019) (internal citations and quotation marks omitted, alterations in *Brock*).  Here, Plaintiff's original complaint alleged two causes of action for violations of the FDCPA and NY GBL § 349.  His proposed amended complaint is substantially similar to the original, but it adds new factual allegations to bolster the original two claims and adds a third cause of action for violation of the TCPA based on the same set of facts.  The Court therefore denies Defendant's motion to dismiss (ECF No. 6) as moot and addresses the motion to amend (ECF No. 10) and the proposed amended complaint (ECF No. 10-2).

Defendant opposes the motion to amend based on futility.  ECF No. 12.  "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).  Thus, the Court will evaluate Plaintiff's proposed amended complaint pursuant to the Rule 12(b)(6) motion to dismiss standard.  Under that standard, the Court must accept the complaint's factual allegations as true and draw all reasonable inferences in plaintiff's favor. *See Nechis v. Oxford Health Plans, Inc*., 421 F.3d 96, 100 (2d Cir. 2005).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedures 8(a) and 12(b)(6) is plausibility." *In re AOL Time Warner, Inc. Sec. Litig*., 503 F. Supp. 2d 666, 670 (S.D.N.Y. 2007) (citing *Twombly*, 550 U.S. at 560-61).  To meet this standard, the factual allegations must permit the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. 679.

2

## BACKGROUND

The following facts are taken from Plaintiff's proposed amended complaint.  In October 2018, Defendant, a debt collector, began calling Plaintiff's cell phone using an automatic telephone dialing system ("ATDS").  ECF No. 10-2 ¶ 14.  When Plaintiff answered the calls, he heard a prerecorded message asking to speak with a "Susan Wollke." *Id.* at 15.  The message directed him to wait on the line to speak to the next available representative and to press specific numbers to indicate whether or not he was "Susan Wollke."  *Id.* ¶¶ 15-16.  Plaintiff pressed the number to indicate that he was not "Susan Wollke" and waited to speak to a representative. *Id.* ¶ 17.  When he was connected, he told the representative that the debtor was unknown to him and could not be reached at his phone number.  *Id.* ¶ 18.  Defendant assured Plaintiff that it would remove his phone number from its system, yet it continued to call him in an attempt to collect a debt from the debtor. *Id.* ¶¶ 19-20.  Plaintiff spoke with a representative again in January 2019. *Id.* at ¶ 21.  He reiterated his request for Defendant to stop calling him as the debtor was unknown to him.  *Id.* ¶ 21.  Nevertheless, Defendant placed automated calls to him at least 16 more times.  *Id.* ¶ 22.  Defendant's actions caused Plaintiff frustration, inconvenience, humiliation, anger, anxiety, emotional distress, fear, and embarrassment. *Id.* ¶ 22, 24.

## DISCUSSION

The Court addresses each of the three causes of action in Plaintiff's proposed amended complaint in turn.

I.      **First Cause of Action: Violation of the FDCPA**

The FDCPA protects consumers from debt collectors who use abusive practices in attempting to collect a debt.  *See Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 102 (2d Cir. 2016) (summary order).  Plaintiff's first cause of action alleges

that Defendant is a "debt collector" who violated several sections of the FDCPA—15 U.S.C. §§ 162b(1), 1692d, 1692d(5), 1692e, 1692e(10), and 1692f—while attempting to collect a "debt" from Plaintiff.

Defendant argues that Plaintiff's proposed amended complaint fails to sufficiently allege that Defendant is a "debt collector" as defined by the FDCPA.  As explained below, the Court agrees.  This conclusion is fatal to Plaintiff's entire first cause of action.  Accordingly, the Court does not reach Defendant's remaining arguments in opposition to Plaintiff's first cause of action.

A "debt collector" under the FDCPA "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6).  Excluded from this definition is any person who collects or attempts to collect "a debt which was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(F)(iii).

Defendant argues that Plaintiff's proposed amended complaint fails to sufficiently plead that Defendant is a "debt collector" under the FDCPA because Plaintiff does not allege that Defendant obtained the subject debt after it was in default.

The Second Circuit has held that complaints that fail to allege that the debt was in default at the time defendant obtained it fail to state a claim under the FDCPA.  *See Qurashi v. Ocwen Loan Servicing, LLC*, 760 F. App'x 66, 68 (2d Cir. 2019) (summary order) (affirming dismissal of FDCPA complaint against mortgage servicers where plaintiff failed to allege that the servicers obtained an interest the mortgage while it was in default); *Gabriele v. Am. Home Mortg. Servicing*, 503 F. App'x 89, 96 (2d Cir. 2012) (summary order) ("[T]he complaint does not allege that [defendant] acquired [plaintiff's] debt before it was in default and so fails plausibly to allege that

[defendant] qualifies as a debt collector under the FDCPA."); *see also Ford v. Bluestem Brands, Inc.*, No. 18 CV 2695 (VB), 2019 U.S. Dist. LEXIS 34636, at \*5 (S.D.N.Y. Mar. 4, 2019) ("Under the FDCPA, debt collectors do not include entities collecting a debt 'which was not in default at the time it was obtained.'"); *Dolan v. Fairbanks Capital Corp.*, No. 03-CV-3285 (DRH)(MLO), 2005 U.S. Dist. LEXIS 45308, \*7 (E.D.N.Y. 2005) ("[A]n assignee of a debt is only treated as a debt collector if the debt sought to be collected was in default at the time it was obtained by such person."). Accordingly, the Court concludes that Plaintiff fails to state a claim for violation of the FDCPA.

## II.     Second Cause of Action: Violation of NY GBL § 349

"Section 349 of the GBL provides a cause of action for any person injured by '[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing or any service.'" *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (quoting N.Y. Gen. Bus. Law § 349(a), (h)). "To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result."

Defendant's motion to dismiss the original complaint argued that Plaintiff's NY GBL claim was conclusory and failed to identify any false or misleading acts. ECF No. 6 at 25-26. Plaintiff does not change any of the allegations in this cause of action in his proposed amended complaint, nor does he address Defendant's arguments as to this claim in his motion to amend or his reply in support of his motion to amend. The Court therefore deems Plaintiff's NY GBL claim to be abandoned. *See McNair v. Ponte*, No. 16-cv-1722 (LAP), 2019 U.S. Dist. LEXIS 54287, at \*12 (S.D.N.Y. Mar. 29, 2019) ("A court may, and generally will, deem a claim abandoned when a

plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.") (citation and internal quotation marks omitted).

### III.     Third Cause of Action: Violation of the TCPA, 47 U.S.C. § 227

Plaintiff's third cause of action arises under 47 U.S.C. § 227(b)(1)(A)(iii), which provides: "It shall be unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system [("ATDS")] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service."  To prove a violation of this provision, a plaintiff must show that "(1) the defendant called his or her cell phone, and (2) the defendant did so using an ATDS or an artificial or prerecorded voice."  *Levy v. Receivables Performance Mgmt., LLC*, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013).

An ATDS is defined as equipment that can "(A) . . . store or produce telephone numbers to be called, using a random or sequential number generator; and (B) . . . dial such numbers."  47 U.S.C. § 227(a)(1).  As to this element, the complaint must "allege facts that would allow for a reasonable inference that an ATDS was used," which may include "evidence that text messages were sent from a 'short code' phone number, generic, impersonal content, and the volume or timing of the calls or messages."  *Krady v. Eleven Salon Spa*, No. 16 CV 5999 (MKB)(RML), 2017 U.S. Dist. LEXIS 120139, at *8 (E.D.N.Y. July 28, 2017) (collecting cases).

Defendant argues that Plaintiff inadequately alleges the use of an ATDS.  But Plaintiff's proposed amended complaint alleges that Defendant used an ATDS and describes some of the "earmarks of a predictive dialer" that Defendant's calls included.  ECF No. 10-2 ¶¶ 14, 41, 42.  Specifically, Plaintiff alleges that Defendant's calls to him featured a prerecorded message asking to speak with a "Susan Wollke" and telling him to wait on the line before he was connected to the next available representative, that the automated system requested that Plaintiff indicate by

pressing specific numbers whether or not he was "Susan Wollke" or whether she was available, and that Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.  *Id.* ¶¶ 15, 16, 43, 44.

Plaintiff's claim adequately states a claim for violation of the TCPA.  "[T]he use of an ATDS can be plausibly inferred from allegations regarding, for example, the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the 'person' calling him, or the generic content of the message he received."  *Battaglia v. Quicken Loans, Inc.*, No. 18-CV-1104, 2019 U.S. Dist. LEXIS 17782, at *6 (W.D.N.Y. Feb. 4, 2019) (citation and internal quotation marks omitted).  Here, Plaintiff alleged that he repeatedly received prerecorded messages with similar content—a request to speak with "Susan Wollke"—and that the prerecorded message asked him to press numbers to indicate certain responses before speaking to a human.  Further, "Plaintiffs need not plead specific technical details regarding NCO's use of an ATDS, but they must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an ATDS."  *Baranski v. NCO Fin. Sys.*, No. 13 CV 6349 (ILG) (JMA), 2014 U.S. Dist. LEXIS 37880, at *16-17 (E.D.N.Y. Mar. 21, 2014) (citation and internal quotation marks omitted).  At this stage, it would be "unreasonable to hold plaintiff[] accountable for detailing defendant['s] calling technology[.]"  *Battaglia*, 2019 U.S. Dist. LEXIS 17782, at *6.  Accordingly, Plaintiff's third cause of action may proceed.

**CONCLUSION**

For the reasons stated, Defendant's motion to dismiss (ECF No. 6) is DENIED AS MOOT and Plaintiff's motion for leave to amend (ECF No. 10) is GRANTED IN PART AND DENIED IN PART as follows: Plaintiff's first and second causes of action are dismissed, as leave to amend

those claims as set forth in the proposed amended complaint would be futile. The third cause of action as set forth in the proposed amended complaint may proceed.

Plaintiff shall file his proposed amended complaint including only the third cause of action within five days from the date of this order, and it will become the operative complaint upon filing. Defendant shall answer the amended complaint within twenty-one days from the date on which the amended complaint is filed

IT IS SO ORDERED.

Dated: May 29, 2020
      Rochester, New York

                              HON. FRANK P. GERACI, JR.
                              Chief Judge
                              United States District Court