UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GARY CANNIOTO,

                                          Plaintiff,

                                                                                 Case # 19-CV-6686-FPG

v.

                                                                                 DECISION AND ORDER

SIMON'S AGENCY, INC., and
DOES 1-10,

                                          Defendants.
_____

## INTRODUCTION

On September 17, 2019, Plaintiff Gary Cannioto brought this action against Defendant Simon's Agency, Inc., and "Does 1-10." ECF No. 1. Plaintiff alleged that Defendant and its unidentified employees engaged in abusive debt collection practices by repeatedly placing automated calls to him in an attempt to collect a debt from someone else. Plaintiff claimed that Defendant's actions violated (1) the Fair Debt Collection Practices Act ("FDCPA"), (2) New York General Business Law ("NY GBL") § 349, and (3) the Telephone Consumer Protection Act ("TCPA").

Defendant moved to dismiss Plaintiff's complaint on November 6, 2019. ECF No. 6. In response, on December 6, 2019, Plaintiff filed a motion for leave to file an amended complaint and a proposed amended complaint. On May 29, 2020, the Court denied Defendant's motion to dismiss as moot and granted in part and denied in part Plaintiff's motion for leave to amend. ECF No. 16. The Court dismissed Plaintiff's first claim for FDCPA violations and his second claim for NY GBL violations, but allowed Plaintiff's third claim for TCPA violations to proceed. The Court directed Plaintiff to file an amended complaint consistent with its order within five days.

1

As directed, on June 3, 2020, Plaintiff filed his amended complaint asserting only his TCPA claim. ECF No. 17. Defendant answered the amended complaint on June 23, 2020. ECF No. 18.

On June 26, 2020, Plaintiff filed a motion for reconsideration of the Court's order dismissing his FDCPA claim. ECF No. 20. The motion alternatively seeks leave to amend the complaint again to restate the FDCPA claim. For the following reasons, Plaintiff's motion for reconsideration is DENIED, but Defendant is directed to respond to Plaintiff's request to amend the complaint.

## DISCUSSION

### I. Motion for Reconsideration

The Court dismissed Plaintiff's FDCPA claim because Plaintiff failed to sufficiently allege that Defendant was a "debt collector" as defined by the FDCPA.

A "debt collector" under the FDCPA "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). Excluded from this definition is any person who collects or attempts to collect "a debt which was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(F)(iii).

The Second Circuit has held that complaints that fail to allege that the debt was in default at the time defendant obtained it fail to state a claim under the FDCPA. *See Qurashi v. Ocwen Loan Servicing, LLC*, 760 F. App'x 66, 68 (2d Cir. 2019) (summary order) (affirming dismissal of FDCPA complaint against mortgage servicers where plaintiff failed to allege that the servicers obtained an interest the mortgage while it was in default); *Gabriele v. Am. Home Mortg. Servicing*, 503 F. App'x 89, 96 (2d Cir. 2012) (summary order) ("[T]he complaint does not allege that

[defendant] acquired [plaintiff's] debt before it was in default and so fails plausibly to allege that [defendant] qualifies as a debt collector under the FDCPA.").

Based on that authority, because Plaintiff failed to allege that the subject debt was in default at the time Defendant obtained it, the Court dismissed Plaintiff's FDCPA claim. Plaintiff now seeks reconsideration of the Court's ruling on that issue.

"The standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Abdallah v. Napolitano*, 909 F. Supp. 2d 196, 211 (W.D.N.Y. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Id.* at 211-12.

Here, Plaintiff's motion for reconsideration argues that the Court could plausibly infer from the facts alleged in the amended complaint that the debt was in default at the time Defendant obtained it. Plaintiff essentially reargues an issue already decided and does not present any controlling authority or facts that the Court overlooked. Accordingly, the Court denies Plaintiff's motion for reconsideration.

## II.     Leave to Amend

Alternatively, Plaintiff seeks leave to file a second amended complaint to allege that the debt was in default when Defendant obtained it if discovery shows that to be true. Plaintiff explains that the reason he did not allege that fact already is because he lacks knowledge of it: Plaintiff claims that Defendant attempted to collect a third party's debt from him, and so he could not

possibly know when Defendant acquired a third party's debt.  He suggests that alleging this fact without knowledge of it would violate Federal Rule of Civil Procedure 11.  However,

> [t]he *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged "upon information and belief" where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible.

*Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 356 (S.D.N.Y. 2014) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations and quotation marks omitted)); *see also Nielsen v. Van Leuven*, No. 3:15-CV-1154 (MPS), 2016 U.S. Dist. LEXIS 55101, at *8 (D. Conn. Apr. 26, 2016) ("So long as representations to the court comply with Rule 11(b) of the Federal Rules of Civil Procedure . . . , plaintiffs may plead the allegations in complaints upon information and belief . . . ."); *Carr v. Equistar Offshore*, No. 94 CIV. 5567 (DLC), 1995 U.S. Dist. LEXIS 13703, at *34 (S.D.N.Y. Sep. 20, 1995) ("[W]hen the facts at issue are within the exclusive knowledge of the defendants, allegations may be made upon information and belief.").  Accordingly, Plaintiff could allege "upon information and belief" that the debt was in default at the time Defendant acquired it without first engaging in discovery.

As for amending the complaint, Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading after a responsive pleading has been served "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a).  But it also provides that "leave shall be freely given when justice so requires."  *Id.*  "Absent a showing of prejudice to the opposing party, or undue delay or bad faith on the part of the movant, amendments are generally permitted." *Blatch v. Franco*, No. 97 Civ. 3918 (DC), 1998 U.S. Dist. LEXIS 7717, at *20-21 (S.D.N.Y. May 22, 1998) (granting post-answer motion to amend when the motion was made shortly after the court set the discovery schedule and before the parties had the chance to conduct significant discovery); *see also In re Perrier Bottled Water Litig.*, 754 F. Supp. 264, 269 (D. Conn. 1990) (encouraging

4

plaintiff to seek leave to amend its complaint to identify correct defendants if, after discovery, their correct identities were revealed).

The Court is inclined to permit Plaintiff to file a second amended complaint to restate his FDCPA claim but will allow Defendant to be heard on the issue first.  Defendant is directed to file a response by July 10, 2020 indicating whether it (1) consents to Plaintiff amending the complaint now to allege that, "upon information and belief," the debt was in default when Defendant acquired it; (2) consents to Plaintiff amending the complaint after discovery if discovery reveals that the debt was, in fact, in default at the time Defendant acquired it; or (3) opposes Plaintiff's request to amend the complaint.   If Defendant opposes the request, it shall explain how permitting amendment would cause Defendant prejudice.

## CONCLUSION

For the reasons stated, to the extent Defendant's motion, ECF No. 20, seeks reconsideration, that motion is DENIED.  However, Defendant shall respond to Plaintiff's request to file a second amended complaint as set forth above by July 10, 2020.

IT IS SO ORDERED.

Dated: June 30, 2020
    Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court